# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JASON ROBBINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-0246-DGK |
| | ) | (Crim. No. 4:11-CR-0082-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

A jury convicted Movant Jason Robbins ("Robbins") of four firearms violations, and the Court sentenced him to 240 months' imprisonment. The Eighth Circuit Court of Appeals affirmed. Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1).

Now before the Court is the Government's motion to lift the stay and deny Movant's pending § 2255 motion on the merits (Doc. 34). Because the Supreme Court has recently held that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause, and Movant's ineffective assistance of counsel claims are meritless, the Government's motion is GRANTED. Movant's § 2255 motion is DENIED without an evidentiary hearing, and the Court declines to issue a certificate of appealability.

## Background[1]

The underlying convictions stem from two separate incidents. First, in August of 2009, Kansas City, Missouri, police arrested Movant for assaulting his girlfriend inside her home.

---

[1] This facts in this section derive from: (1) the trial record; (2) the facts set out in Movant's unsuccessful appeal, *United States v. Robbins*, 554 F. App'x 543 (8th Cir. 2014); and (3) the allegations in Movant's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Movant to relief, the Court denies him an evidentiary hearing and rules on the above facts. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

Movant, a felon, entered her home while armed with a stolen handgun, took her hostage, and threatened to shoot her in front of her nine year-old child and her mother. Movant then forced her to lie on the floor, pointed the gun at the back of her head for ten to fifteen seconds, picked her up off the floor by her hair, and finally shoved the handgun into mouth, damaging her teeth. The second incident occurred on May 14, 2010, when Kansas City, Missouri, police arrested Movant while he was fleeing from a stolen car while armed with a different stolen handgun.

On April 4, 2011, a federal grand jury indicted Movant on four felony charges. Counts I and III charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Counts II and IV charged him with being in possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Movant pleaded not guilty, declined the Government's plea offer, and proceeded to trial.

The morning of trial, the Court made a record with Movant regarding the plea offer he declined. Movant confirmed that the offer was that he would plead guilty to both counts of being a felon in possession of a weapon. In return, the Government would dismiss both possession of a stolen firearm counts and recommend a sentence within the Sentencing Guidelines range, which the Government and his attorney anticipated would be between 84 and 112 months' imprisonment.

Following a three day trial, the jury convicted Movant of all counts on November 29, 2012.

The Probation and Parole office subsequently prepared a presentence investigation report ("PSR"). Because Movant had previously been convicted of a crime of violence, resisting arrest by fleeing, the PSR calculated a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). The PSR applied a two-level enhancement because the firearms were stolen and a four-level

enhancement because Movant committed the offense in connection with another felony. The PSR also calculated a Category VI criminal history. This yielded a Sentencing Guidelines range of 120 to 150 months' imprisonment. The statutory maximum sentence was 120 months' imprisonment on each count.

The Government filed a memorandum asking the Court to impose consecutive sentences because of Movant's extensive criminal history, the violence of the offenses, and the impact on his victims.

At the outset of the sentencing hearing, the Court carefully calculated Movant's Guideline range. After granting some of Movant's objections, the Court calculated a Guideline range of 110 to 137 months' imprisonment. The Court then heard victim impact testimony from Movant's former girlfriend, who described the effects the crime had on herself and her child. The Court carefully considered all the relevant factors, including Movant's extensive criminal history and history of violence towards others, and decided to vary upward. The Court imposed 120 months' imprisonment on Counts I and III and 120 months' imprisonment on Counts II and IV, for an aggregate sentence of 240 months.[2]

Movant appealed, arguing the Court erred at sentencing by failing to adequately explain why it imposed consecutive sentences. *United States v. Robbins*, 554 F. App'x 543, 543-44 (8th Cir. 2014). The Eighth Circuit affirmed. *Id.* at 544.

Movant collaterally attacked his conviction by timely filing the pending § 2255 motion on March 25, 2015. The Court withheld ruling while awaiting the Supreme Court's ruling in *Beckles v. United States*. That decision was handed down on March 6, 2017. 137 S.Ct. 886.

---

[2] The Court ordered Counts I and II to be served concurrently and Counts III and IV to be served concurrently with one another and consecutively to the terms imposed on Counts I and II.

3

**Analysis**

A district court may vacate a federal conviction if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Movant argues the Court should vacate his sentence for two reasons. First, in his initial *pro se* memorandum of law in support (Doc. 7), Movant contends trial counsel failed to correctly calculate his applicable Sentencing Guidelines range, which resulted in ineffective assistance of counsel during plea negotiations, at the sentencing hearing, and on appeal.

In an amended motion represented by the Federal Public Defender, Movant adds a second claim: that the sentence deprived him of due process of law in violation of 28 U.S.C. § 2255(a). Movant contends he was not eligible for an enhanced base level sentence under the Sentencing Guidelines because his prior conviction for resisting arrest by fleeing no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Both arguments lack merit.

**I.  Counsel was not ineffective.**

To establish that counsel's performance deprived him of his Sixth Amendment rights, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

### A. Counsel was not ineffective during plea negotiations.

There is no merit to Movant's claim that counsel was somehow ineffective during plea negotiations. In his memo, Movant suggests the Government's offer was to dismiss counts II and IV and recommend a sentence at the *low* end of the guidelines. Movant contends that instead of telling him that the sentence was for recommendation for the low end of the guidelines, his attorney told him only that the plea offer was for 84 to 112 months, which was a miscalculation. Movant contends that if counsel had told him the Government's offer was to recommend a sentence at the *low* end of the guidelines and then properly calculated his Guideline sentence, he would have accepted the deal.

To prevail on this claim, Movant must show: (1) had he received effective assistance of counsel, he would have accepted the earlier plea offer; (2) the plea would have been entered (that is, the prosecutor would not have canceled it, and the court would have accepted it); and (3) the result of the proceeding—the sentence imposed—would have been more favorable to him. *Ramirez v. United States*, 751 F.3d 604, 607-08 (8th Cir. 2014). Assuming there was ineffective assistance of counsel here, Movant's argument fails because it is based on faulty premise, namely that the Government's offer included a provision to argue for a sentence at the *low* end of the guidelines. Movant acknowledged in open court before trial that the plea offer he spurned called for the Government to recommend a Guidelines sentence, not a low Guidelines sentence. Trial Tr. at 11-16 (Doc. 167). Because Movant's claim assumes a non-existent offer, he cannot show any plea would have been entered. Thus, this claim fails.

**B. Counsel was not ineffective during sentencing.**

Movant's claim that counsel was ineffective during the sentencing hearing is also unavailing. Movant complains the Court wrongly calculated his base offense level as 20 instead of 14, and then did not adequately explain why it imposed consecutive sentences. Movant alleges his attorney should have objected to these errors, as well as to statements made by his girlfriend during sentencing.

As a threshold matter, the Court properly calculated Movant's base offense level. This calculation was explained at length in the PSR, by the Court at sentencing, and by the Government in its brief. Repeating it a fourth time here would be pointless. But even if the Court had erred, any error would not have affected the result, because the Court varied upward to impose consecutive 120 month sentences, an aggregate sentence well-above the Guidelines. Thus, Movant cannot demonstrate prejudice under *Strickland*.

As for the imposition of consecutive sentences, the Eighth Circuit already rejected this challenge on direct appeal, so the Court may not consider it here. *See Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (holding a district court may not revisit an issue addressed on direct appeal in a § 2255 motion absent an intervening change in controlling authority).

The Court holds defense counsel was not ineffective for failing to object to statements made by Movant's girlfriend at sentencing. Victim impact statements are expressly permitted under Federal Rule of Criminal Procedure 60(a)(3), and Movant does not point to any contrary legal authority or rationale which could have justified an objection. Failure to raise an objection that lacks support in the law is not ineffective assistance of counsel. *See Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009) ("It is not ineffective assistance of counsel to withdraw objections that have no support in the law.").

### C. Counsel was not ineffective on appeal.

Finally, counsel's handling of Movant's appeal to the Eighth Circuit was not ineffective. Movant contends counsel erred by failing to include a claim alleging miscalculation of his Sentencing Guidelines. Again, there was no error in the Guidelines calculation, so there was no claim to bring. And it is not ineffective assistance of counsel to decline to raise a meritless issue. *Kitt v. Clarke*, 931 F.2d 1246, 1250 (8th Cir. 1991).

## II. Movant's enhanced base level sentence did not deprive him of due process of law.

Movant also argues he was not eligible for an enhanced base level sentence under the Guidelines because his prior conviction for resisting arrest by fleeing no longer qualifies as a crime of violence in the wake of *Johnson v. United States*. Movant seeks to vacate his sentence by retroactively applying *Johnson* to his Sentencing Guidelines calculation.

This argument is unavailing. The Supreme Court recently held in *Beckles v. United States* that the advisory Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause. 137 S.Ct. 886 (2017). The Supreme Court ruled that, unlike the residual clause in the Armed Career Criminal Act ("ACCA"), which the Court held was void for vagueness in *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Sentencing Guidelines do not fix the permissible range of sentences but merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the statutory range. *Id.* at 894. Because this claim is based on the same vagueness challenge the Supreme Court rejected in *Beckles*, it is denied.[3]

---

[3] Indeed, Movant conceded in his briefing this argument would fail unless *Beckles* made *Johnson* retroactively applicable to Sentencing Guidelines cases on collateral review. Mot. to Stay at 2 (Doc. 28) ("If *Beckles* holds that *Johnson* is not retroactively applicable to guidelines cases on collateral review, Movant's case would necessarily be terminated.").

7

**III.    No evidentiary hearing is required.**

Where a motion raises no disputed question of fact, no evidentiary hearing is required. *United States v. Meyer*, 417 F.2d 1020, 1024 (8th Cir. 1969).  There are no disputed questions of fact here, so no evidentiary hearing will be held.

**IV.    The Court declines to issue a certificate of appealability.**

Finally, the Court holds no reasonable jurist would grant this motion.  Accordingly, the Court declines to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

**Conclusion**

For the foregoing reasons, the Government's motion (Doc. 34) is GRANTED and Movant's Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 1) is DENIED.  The Court declines to issue a certificate of appealability.

Movant's motion to supplement (Doc. 13) and motion to stay pending the *Beckles* decision (Doc. 28) are DENIED AS MOOT

**IT IS SO ORDERED.**

Date:  May 1, 2017              /s/ Greg Kays
                                GREG KAYS, CHIEF JUDGE
                                UNITED STATES DISTRICT COURT